UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VLADIMIR and OLGA BEDNARUK,
husband and wife,

                Plaintiffs,

v.

NORTHWEST TRUSTEE SERVICES,
INC., a Washington corporation; JP
MORGAN CHASE NA (fka
WASHINGTON MUTUAL BANK, FA), a
Washington corporation, and its successors
and assigns; and PLAZA HOME
MORTGAGE, INC., a California company,

                Defendants.

No. C09-1586Z

ORDER

This matter comes before the Court on a Motion to Dismiss brought by Defendant Plaza Home Mortgage, Inc. ("Plaza"), docket no. 12, and on a Motion to Dismiss brought by Defendant JP Morgan Chase NA ("Chase"), docket no. 14. Having considered all papers filed in support of and in opposition to the Motions, the Court enters the following Order.

## I. BACKGROUND

This lawsuit arises out of Plaintiffs Vladimir and Olga Bednaruk's ("the Bednaruks") purchase of a home in Auburn, Washington in fall of 2006. Complaint ("Compl."), docket no. 2, ¶ 9. The Bednaruks entered into a loan agreement with Plaza on October 11, 2006. Id. ¶¶ 13, 16. They secured two loans. Id. The first was an adjustable-rate loan for

ORDER -1-

$334,400.00, with an initial interest rate of 6.625% for a "short period of time." Id. ¶¶ 15, 17. It was evidenced by a promissory note and was secured by a Deed of Trust dated October 11, 2006. Id. ¶¶ 15-16. The first note granted a security interest to Stewart Title, predecessor to Northwest Trustee Services, Inc. ("Trustee"), in favor of Plaza as lender. Id. ¶ 16. The second loan was a fixed-rate loan for $83,600.00, at an interest rate of 11.75%. Id. ¶¶ 15, 19. The second loan was also evidenced by a promissory note dated October 11, 2006, which granted a security interest to Trustee, in favor of Plaza. Id. ¶ 18.

The Bednaruks allege that the loans are currently owned by Chase. Id. ¶ 23. Around July 20, 2009, Trustee delivered a Notice of Trustee's sale to the Bednaruks, noting the sale of their home to occur on October 23, 2009. Id. ¶ 25. The present lawsuit was filed on October 15, 2009. Id. at 7. The Bednaruks filed a motion for a temporary restraining order to delay the foreclosure of their home in King County Superior Court, but prior to the hearing, Plaza agreed to postpone the foreclosure sale. Notice of Removal, docket no. 1, ¶ 2.

The Bednaruks allege that the following documents were *not* provided to them prior to the loan closing meeting on October 11, 2006: Good Faith Estimate; Trust in Lending Statement or Itemization of Amount Financed; and preliminary disclosure of the terms or conditions of the first loan, including that the loan had an adjustable rate and that the loan had a prepayment penalty. Compl. ¶¶ 20-21. The Bednaruks also allege that a Truth in Lending Statement which understated the actual APR by .8531% was provided to them at the loan closing meeting. Id.

The Bednaruks are immigrants from the former Soviet Union and speak, read, and write limited English. Id. ¶¶ 7-8. The Bednaruks claim that, at the time they entered into the loans, they believed that they were entering into an adjustable-rate loan with a much lower interest rate, shorter term, and longer fixed-term rate. Id. ¶ 14. The Bednaruks also allege that, until they consulted with legal counsel, they were unaware of the actual terms and conditions of their loan, including the costs of financing throughout the life of the loan. Id.

¶ 24.

The Bednaruks claim that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2607 et seq., and Regulation Z, 12 C.F.R. § 226 et seq., by failing to provide required disclosures and loan documents. Compl. ¶¶ 27-29. The Bednaruks further claim that Plaza committed a per se violation of the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW. Id. ¶¶ 30-35. The action was removed to federal court, and Plaza and Chase filed these Motions to Dismiss. See Def. Plaza Mot. Dismiss, docket no. 12, and Def. Chase Mot. Dismiss, docket no. 14.

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

For purposes of a motion to dismiss, the Court must accept all factual allegations in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[A] complaint must contain sufficient factual matter [] to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In ruling on a motion to dismiss, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court may, however, "consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." Id.

In the event that a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. TILA and RESPA Claims

A claim for monetary damages under TILA, 15 U.S.C. § 1640(e), "may be brought . . . within one year from the date of the occurrence of the violation." A claim made for loan rescission or modification is subject to a three year statute of limitations. See 15 U.S.C. § 1635(f). A TILA claim begins to run at the time a loan document is executed. See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003). Likewise, an action brought pursuant to the anti-kickback and unearned fees provision of RESPA, 12 U.S.C. § 2607(a), is subject to a one year statute of limitations, which starts to run on the date that the loan closed. 12 U.S.C. § 2614; see also Kotok v. Homecomings Fin., LLC, 2009 WL 2057046, *3 (W.D.Wash. July 14, 2009). Claims related to improper disclosure of loan terms, as set forth in 12 U.S.C. § 2605, are limited to three years.

The Bednaruks do not dispute that both of their loans closed on October 11, 2006. Compl. ¶¶ 16, 18; see also Decl. of Roger Hillman, docket no. 13-2, Exs. A, C. Because the Bednaruks filed the Complaint on October 15, 2009, more than three years after the loans closed, their TILA and RESPA claims are barred under either the one-year or three-year statutes of limitations.

Under TILA, the one-year statute of limitations does not apply "in any action to collect the debt . . . as a matter of defense by recoupment or set-off in such action." 15 U.S.C. § 1640(e). The Bednaruks, however, are *affirmatively* claiming recoupment and set-off in an action that they initiated; they are not asserting the defenses of recoupment and set-off in an action to collect a debt. See Kotok, 2009 WL 2057046, at *3; Guketlov v. Homekey Mortgage, 2009 WL 3785575, *2 (W.D.Wash. Nov. 9, 2009). Therefore, the statutes of limitations bar their claims.

The Bednaruks argue that they are entitled to equitable tolling of the statutes of limitation on their TILA and RESPA claims "due [to] the fraud alleged in plaintiffs' complaint." Response to Plaza, docket no. 19, at 6; Response to Chase, docket no. 18, at 6. The statues of limitations under TILA and RESPA may be subject to equitable tolling in

appropriate circumstances. See King v. California, 784 F.2d 910, 915 (9th Cir. 1986) (regarding TILA); Blaylock v. First Am. Title Ins. Co., 504 F.Supp.2d 1091, 1107 (W.D.Wash. 2007) (regarding RESPA). Equitable tolling "focuses on excusable delay by the plaintiff," John v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002), and inquires whether "a reasonable plaintiff would . . . have known of the existence of a possible claim within the limitations period." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

The Bednaruks' equitable tolling argument falls short for two reasons. First, the Bednaruks had the opportunity to review the allegedly wrong loan documents and untimely disclosures beginning on October 12, 2006.[1] From that date onward, the Bednaruks possessed all of the information necessary to make a TILA or RESPA claim. It was not until more than three years afterwards that the Bednaruks claimed that they believed that they had entered into a loan with different terms. As the Court noted, in a similar case, "These are not circumstances in which equity steps in to modify the clear Congressional mandate under TILA or RESPA establishing a one-year or three-year statute of limitations period." Kotok, 2009 WL 2057046, at *3.

Second, the Bednaruks do not allege fraud in their Complaint. Plaza and Chase correctly point out that the Bednaruks assert new facts, which are totally absent in the Complaint, in their Responses. Resp. to Plaza at 6-7 ("Plaintiffs have alleged numerous and specific allegations of fraud by certain of the defendants without limitation [to] the 'who, what, when, where and how' of the misconduct of defendants."); Resp. to Chase at 6-7; Plaza Reply, docket no. 20, at 2-3; Chase Reply, docket no. 22, at 2. Because the allegations regarding "fraud" are raised for the first time in the Bednaruks' Responses, they are

---

[1] Because the Complaint references some of the Exhibits that Plaza attached to its Motion to Dismiss, the Court may consider them. See Swartz, 476 F.3d at 763. Some of these documents are, indeed, dated October 12, 2006. See Decl. of Roger Hillman, Exs. A, D, E, F.

ORDER -5-

irrelevant for Rule 12(b)(6) purposes.[2]  Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 fn. 1 (9th Cir. 1998).

For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE the Bednaruks' TILA and RESPA claims against Plaza and Chase.

### C.  Washington CPA Claim

Plaza argues that the Court should dismiss the Bednaruks' CPA claim for failure to state a cause of action.  Plaza Mot. Dismiss at 1-2.  To state a claim under the Washington CPA, a plaintiff must allege the following elements: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injuring plaintiff in his business or property, and (5) caused by the unfair or deceptive act.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 719 (1986).  A plaintiff's failure to meet any one of these elements is fatal to his CPA claim.  Id. at 793.

The Bednaruks argue that "[the] violations of TILA . . . [and] RESPA alleged in Plaintiff's first cause of action constitute per se violations of the CPA."  Compl. ¶ 32.  As the Court made clear, "[i]t is true that a violation of certain statutes containing a 'specific legislative declaration' of a public interest may satisfy the public interest element of the CPA per se."  Guketlov, 2009 WL 3785575, at *4 (citing Hangman Ridge, 105 Wn.2d at 792-93).  The Guketlov Court further noted that the plaintiffs had not "pointed the court to any authority showing that a violation of TILA or RESPA satisfies the CPA's public interest element" per se.  Id.  Likewise, the Bednaruks have failed to point this Court to such authority.  And because the Bednaruks' TILA and REPSA claims are time-barred, there are no grounds for maintaining a per se CPA cause of action.  See Kotok, 2009 WL 2057046, at *4.

---

[2] Furthermore, as the Court recently noted, in a case pertaining to equitable tolling of the statues of limitations on TILA and RESPA claims, that "[a] bare allegation that Defendants' fraud prevented [plaintiffs] from discovering [] violations within the limitations period is insufficient to withstand a motion to dismiss."  Guketlov, 2009 WL 3785575, at *3.

For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE the Bednaruks' Washington CPA claim, which was alleged pursuant to per se violations of TILA and RESPA.

### D. Plaintiffs' Claims Against Northwest Trustee Services, Inc.

Because the Bednaruks cannot maintain any of their claims, it follows that the Bednaruks cannot pursue any claims against the Trustee under the Deed of Trust. Accordingly, all claims against Defendant Northwest Trustee Services, Inc. shall be DISMISSED WITHOUT PREJUDICE.

## III. CONCLUSION

(1) The Court GRANTS Defendant Plaza Mortgage Inc.'s Motion to Dismiss, docket no. 12.

(2) The Court GRANTS Defendant JP Morgan Chase NA's Motion to Dismiss, docket no. 14.

(3) The Court DISMISSES WITHOUT PREJUDICE Plaintiffs' TILA and RESPA claims, Compl. ¶¶ 26-29 (First Cause of Action) and Plaintiffs' per se Washington CPA claim, Compl. ¶¶ 30-35 (Second Cause of Action).

(4) The Court GRANTS Plaintiffs thirty (30) days leave to amend the Complaint.

(5) The Clerk is directed to forward a copy of this Order to all counsel of record.

IT IS SO ORDERED.

DATED this 9th day of February, 2010.

Thomas S. Zilly
United States District Judge